Wade v. Garland

BIA
A098 220 106

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of August, two thousand twenty-one.

PRESENT:
>       JON O. NEWMAN,
>       JOSÉ A. CABRANES,
>       SUSAN L. CARNEY,
>           *Circuit Judges.*

_____

KHADY WADE,
>       *Petitioner,*

>       v.                                     19-2216
>                                              NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
>       *Respondent.*

_____

FOR PETITIONER:          Samuel Iroegbu, Esq., Albany, NY.

FOR RESPONDENT:          Joseph H. Hunt, Assistant
                         Attorney General; Jessica A.
                         Dawgert, Senior Litigation
                         Counsel; Richard Kelley, Trial
                         Attorney, Office of Immigration
                         Litigation, United States
                         Department of Justice, Washington,
                         DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED in part and GRANTED in part.

Petitioner Khady Wade, a native and citizen of Senegal, seeks review of a June 27, 2019, decision of the BIA, denying her motion to reopen. *In re Khady Wade,* No. A098 220 106 (B.I.A. June 27, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

The applicable standards of review are well established. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008). In her motion to reopen, Wade asserted that she should be permitted to reapply for asylum and related relief based on threatening letters from her husband in Senegal, and that her notice to appear was defective under *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), and thus was insufficient to vest jurisdiction with the immigration judge ("IJ") and stop the accrual of physical presence required for cancellation of removal.

It is undisputed that Wade's 2018 motion was untimely filed more than seven years after her removal order became

2

final in 2011. *See* 8 U.S.C. § 1229a(c)(7)(C)(i) (providing 90-day deadline); 8 C.F.R. § 1003.2(c)(2) (same). Although the time limit does not apply if reopening is sought to apply for asylum and the motion "is based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding," 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3), the BIA did not err in finding that Wade failed to establish a material change in conditions in Senegal. Even assuming that threatening letters from her husband could constitute a change in conditions in Senegal, *see* 8 U.S.C. § 1229a(c)(7)(C)(ii); *Yuen Jin v. Mukasey*, 538 F.3d 143, 151 (2d Cir. 2008) ("[C]hanged personal circumstances are insufficient to excuse an alien from the procedural requirements of a motion to reopen."), the BIA reasonably declined to give the letters weight because Wade did not mention the threats in her affidavit and had no objective evidence to substantiate her allegations, such as a death certificate for her mother (whom her husband claimed to have

3

poisoned), a police report of her mother's death, an affidavit from a family member, or envelopes showing that the letters were mailed from Senegal, see *Y.C. v. Holder*, 741 F.3d 324, 332, 334 (2d Cir. 2013) (deferring to the agency's evaluation of the weight of evidence and declining to credit a letter from applicant's spouse overseas). Wade did not submit country reports or other evidence of conditions in Senegal and thus failed to demonstrate a material change to excuse the time limit. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii).

Wade's purported eligibility for cancellation of removal also did not excuse the time limit. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii)-(iv) (listing exceptions); 8 C.F.R. § 1003.2(c)(3) (same). Accordingly, the BIA did not abuse its discretion in denying Wade's motion to reopen as untimely and we deny the petition for review to that extent. *See* 8 U.S.C. § 1229a(c)(7)(C).

Although a motion asking the BIA to exercise its authority to reopen sua sponte may be granted at any time, *see* 8 C.F.R. § 1003.2(a),* we lack jurisdiction to review the

---

* We rely on the regulations in force at the time the motion was pending before the BIA.

4

agency's "entirely discretionary" decision declining to reopen proceedings sua sponte, *Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir. 2006). However, "where the Agency may have declined to exercise its *sua sponte* authority because it misperceived the legal background and thought, incorrectly, that a reopening would necessarily fail, remand to the Agency for reconsideration in view of the correct law is appropriate." *Mahmood v. Holder*, 570 F.3d 466, 469 (2d Cir. 2009).

The BIA did not misperceive the law to the extent that it found Wade's defective NTA sufficient to vest jurisdiction with the IJ. *See Banegas Gomez v. Barr*, 922 F.3d 101, 112 (2d Cir. 2019) ("[A]n NTA that omits information regarding the time and date of the initial removal hearing is nevertheless adequate to vest jurisdiction in the Immigration Court, at least so long as a notice of hearing specifying this information is later sent to the alien."). However, the BIA misperceived the law in concluding that Wade's hearing notice cured her defective NTA and stopped her accrual of the physical presence required for cancellation of removal, *see Niz-Chavez v. Garland*, 141 S. Ct. 1474, 1479-84 (2021), and

we remand for the BIA to reconsider whether to reopen sua sponte in light of the correct law, *Mahmood*, 570 F.3d at 469.

For the foregoing reasons, the petition for review is DENIED in part and GRANTED in part and the case is remanded to the BIA for further proceedings consistent with this decision.  All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

6